Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>HTC AMERICA, INC.,<br><br>    Defendant(s). | No. C17-1057 RAJ<br><br>STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE RICHARD A. JONES<br><br>(*Last Revised January 23, 2017*) |

**READ THIS ORDER CAREFULLY.
IT CONTROLS THIS CASE AND DIFFERS
IN SOME RESPECTS FROM THE LOCAL RULES.**

- Plaintiff(s) must immediately serve this Order on all Defendant(s) along with the Summons and Complaint.

- If this case was assigned to this Court after being removed from state court, the Defendant(s) who removed the case must serve this Order on all other parties.

This case has been assigned to Judge Richard A. Jones.  To secure the just, speedy, and inexpensive determination of this action, counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules ("L.R.") of the Western District of Washington.

1. **Mandatory Chambers Copies**: Mandatory chambers copies are required for all e-filed opposed motions, responses, replies, and surreplies, and all supporting documentation relating to opposed motions, responses, replies, and surreplies, regardless of page length.

2. **Service of Pleadings**: Plaintiff must promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file proof of service. Any defendant not timely served will be dismissed from the action. Any "Doe" or fictitiously named defendant who is not identified and served within 90 days after the case is filed will be dismissed pursuant to Fed. R. Civ. P. 4(m).

3. **Temporary Restraining Orders and Injunctions**: Parties seeking emergency or provisional relief must comply with Fed. R. Civ. P. 65 and L.R. 65.

4. **Actions Invoking Subject Matter Jurisdiction Based on Diversity**:  The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it and must be supported by competent proof.  To determine a corporation's "principal place of business" for the purposes of diversity jurisdiction, the Court will apply the "nerve center" test, which was adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The "nerve center" test looks to the single location where the "corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80.  The "nerve center" will typically be the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings.  *Id.* at 81.  Further, the court reminds plaintiffs that they must allege the citizenship of each owner/member of any defendant that is a limited liability company.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d

1   894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that,

2   like a partnership, an LLC is a citizen of every state of which its

3   owners/members are citizens."). If a party seeks to remove an action to this

4   Court on the basis of diversity in a case where it is not clear from the

5   Complaint that more than $75,000 is in controversy, the removing party must

6   prove by a preponderance of the evidence that the amount in controversy

7   meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins.*

8   *Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Court will consider facts

9   presented in the removal petition as well as any summary-judgment-type

10   evidence relevant to the amount in controversy at time of removal. *Id*.

11   Conclusory allegations as to the amount in controversy are insufficient. *Id*.

12   Parties must file an Amended Complaint or Amended Notice of Removal

13   within **fifteen days from the date the action is assigned to Judge Jones** if

14   there is a doubt as to whether they have established the citizenship of the

15   parties or whether they have established the amount in controversy. Failure

16   to comply may result in dismissal or remand.

17   5.  **Meet and Confer Requirement:** For all cases, except applications for

18   temporary restraining orders, counsel contemplating the filing of <u>any</u> motion

19   shall first contact opposing counsel to discuss *thoroughly*, preferably in

20   person, the *substance* of the contemplated motion *and any potential*

21   *resolution*. The Court construes this requirement strictly. Half-hearted

22   attempts at compliance with this rule will not satisfy counsel's obligation.

23   The parties must discuss the substantive grounds for the motion and attempt

24   to reach an accord that would eliminate the need for the motion. The Court

25   strongly emphasizes that discussions of the substance of contemplated

26   motions are to take place, if at all possible, in person. *All* motions must

1    include a declaration by counsel briefly describing the parties' discussion and

2    attempt to eliminate the need for the motion and the date of such discussion.

3    Filings not in compliance with this rule may be stricken.

4    6. **Applications to Seal Documents:**  It is the Court, not the parties, that

5    determines whether a document can be filed under seal.  The Court will only

6    permit filings under seal if the party seeking to seal the information

7    demonstrates why the public's traditional right of access to court documents

8    and the public policies favoring disclosure are outweighed by good cause (if

9    the motion is not case-dispositive) or compelling reasons (if the motion is

10   case-dispositive or the information is included in the operative complaint)

11   that support keeping the information under seal.  The fact that a party has

12   designated a particular document "Confidential" is not sufficient to convince

13   the Court that good cause or compelling reasons exist to seal that document.

14   7. **Attorney's Fees Motions:**  All motions seeking attorney's fees must be

15   accompanied by an appropriate declaration that attaches all relevant

16   timesheets and costs.

17   8. **Discovery and Initial Disclosures:**  The parties shall not file initial

18   disclosures and other discovery on the court's docket, unless such discovery

19   is the subject of a motion.

20   9. **Legal Citations:**  All motions, oppositions, and replies must be supported by

21   relevant legal authority.  Citations should be in Blue Book format and must

22   be included in the body of the briefing – the Court does not allow citations in

23   footnotes or endnotes.

24   ///

25   ///

26   ///

STANDING ORDER FOR CIVIL CASES
ASSIGNED TO JUDGE RICHARD A. JONES  –  4

1     10. **Searchable PDFs:**  All documents filed electronically must be submitted in

2          PDF format to permit text searches and to facilitate transmission and

3          retrieval. Before these documents are electronically filed, the CM/ECF User

4          shall convert the documents to PDF format.  These documents may not be

5          scanned.

6

7          Failure to comply with this Order may result in sanctions.  The Local Rules

8   and Federal Rules of Civil Procedure control any issue not specifically addressed in

9   this Order.  The Court thanks counsel and the parties for their anticipated

10  cooperation. Counsel are advised to check the Court's procedures regularly, as they

11  are subject to change.

12

13         DATED this 21st day of August, 2017.

14

15

16                     The Honorable Richard A. Jones
                     United States District Judge

17

18

19

20

21

22

23

24

25

26

STANDING ORDER FOR CIVIL CASES
ASSIGNED TO JUDGE RICHARD A. JONES  –  5