1
2
3
4
5
6

THE HONORABLE RICHARD A. JONES

7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

DISPLAY TECHNOLOGIES, LLC,

    Plaintiff,

 v.

HTC AMERICA, INC.,

    Defendant.

No. 2:17-cv-01057-RAJ

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

15
16
17
18

  Pursuant to the Court's Order Regarding Initial Disclosures and Joint Status Report, (Dkt. 48), Plaintiff Display Technologies, LLC. ("DT" or "Plaintiff") and Defendant HTC America, Inc. ("HTC America" or "Defendant") submit this Joint Status Report and Discovery Plan.

19

  **1.**  <u>Nature and Complexity of Case</u>

20
21
22
23
24
25
26

  This is a complex patent infringement action.  DT filed suit against HTC America on January 23, 2017 in the Eastern District of Texas, alleging that HTC America directly infringes one or more claims of U.S. Patent No. 9,300,723 (the "'723 Patent").  DT has accused certain HTC products including the HTC One (M8), HTC One (E8), HTC Bolt, and HTC 10.  DT alleges that these accused HTC products infringe certain claims of the '723 Patent based on the way the "Android Beam" feature establishes communications to transfer a media file from one device to another.

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  On April 10, 2017, HTC America filed a motion to dismiss based on improper venue and
2  concurrently answered DT's complaint denying infringement and raising a number of affirmative
3  defenses.  On June 9, 2017, HTC America filed an unopposed motion to transfer venue to the
4  Western District of Washington that was granted on June 19, 2017.  On July 12, 2017, the case
5  was transferred into this district.

6  **2.      Proposed Deadline for Joining Additional Parties**

7  The parties' proposed deadline for joining parties in this case is reflected in the proposed
8  schedule attached as Exhibit A.

9  **3.      Consent to Trial by United States Magistrate Judge Under 28 U.S.C. § 636(c)**

10  The parties respectfully do not both consent.

11  **4.      Discovery Plan Under Federal Rule of Civil Procedure 26(f)(3)**

12  **A.      Initial Disclosures**

13  The parties exchanged Fed. R. Civ. P. 26(a)(1) Initial Disclosures on August 17, 2017,
14  pursuant to the Court's order of July 13, 2017 (Dkt. 48).

15  **B.      Subjects, Timing, and Potential Phasing of Discovery**

16  DT expects to take discovery regarding (1) infringement, including the development and
17  operation of the accused products, (2) damages related to the defendant's infringement.

18  HTC America expects to take discovery regarding (1) prosecution of the patent-in-suit,
19  (2) ownership of the patent-in-suit, (3) inventorship and development of the subject matter of the
20  claims of the patent-in-suit; (4) circumstances, including timing, of the alleged invention(s), (5)
21  invalidity of the patent-in-suit, (6) unenforceability of the patent-in-suit, (7) alleged damages, if
22  any, and (8) other claims and defenses asserted by the parties.

23  The parties propose that discovery solely related to damages shall be postponed until
24  after the Court issues its claim construction order.  The parties agree that expert discovery on
25  liability and damages should be postponed until after the Court issues its claim construction
26  order.

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–2

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

C.      **Electronically Stored Information**

The parties anticipate agreeing to utilize a modified version of this district's Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation ("Model ESI Agreement").  The parties agree that email discovery is not necessary in this case.

D.      **Privilege Issues**

The parties have agreed to submit a proposed Protective Order to be entered by the Court in this case.

E.      **Proposed Limitations on Discovery**

The parties propose the following discovery limitations:

| *Discovery Mechanism* | *Proposal* |
|---|---|
| Interrogatories | Each party may serve 20 interrogatories. |
| Requests for Admission | Each party may serve 20 requests for admission. |
| Party Depositions | Each party may take up to 24 hours of depositions of another party, inclusive of Fed. R. Civ. P. 30(b)(1) and 30(b)(6) depositions. |
| Third Party Depositions | Each party may take up to 30 hours of depositions of third parties. |

F.      **Need for Any Discovery Related Orders**

The parties anticipate submitting a proposed Protective Order and a modified version of the Model ESI Agreement to be entered by the Court in this case.  The parties will submit these orders to the Court as soon as feasible.

5.      **Parties' Views, Proposals, and Agreements Under Local Civil Rule 26(f)(1)**

A.      **Prompt Case Resolution**

At present, the parties do not see an opportunity for prompt case resolution.

B.      **Alternative Dispute Resolution**

The parties generally agree to explore private mediation by the deadline set forth in Exhibit A.

C.      **Related Cases**

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–3

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    DT is asserting the same '723 Patent in three cases currently pending in Eastern District

2    of Texas: *Display Technologies, LLC v. BLU Products, Inc.*, Case No. 2:17-cv-00067-JRG;

3    *Display Technologies, LLC v. ZTE (USA) Inc.*, 2:17-cv-00068-JRG; and *Display Tech. LLC v.*

4    *Canon U.S.A., Inc.*, Case No. 2:17-cv-00192-JRG.  At present, the *BLU Products* and *ZTE* cases

5    are consolidated.

6    **D.    Discovery Management**

7    Except as otherwise agreed to herein, the parties do not propose further modifications to

8    how discovery will be managed.

9    **E.    Anticipated Discovery Sought**

10   The parties anticipate that the discovery sought will include written discovery,

11   depositions, expert discovery, and document productions.  HTC America expects to take third

12   party discovery.

13   **F.    Phasing of Motions**

14   The parties do not propose phasing motions.

15   **G.    Preservation of Discoverable Information**

16   The parties agree to adhere to the provisions in the Protective Order, a modified version

17   of the Model ESI Agreement, and other discovery-related orders to be entered in connection with

18   preserving discoverable information.

19   **H.    Privilege Issues**

20   The parties agree to adhere to the provisions in the Protective Order to be entered.

21

22

23

24

25

26

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–4

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### I.    Model Protocol for Discovery ESI

The parties agree to adhere to the provisions of a modified version of this district's Model ESI Agreement to be entered.  HTC anticipates that relevant ESI will include documents and materials within DT's possession that relate to the conception and reduction to practice of the asserted patent, any licenses or settlement agreements related to the patent-in-suit or any related patents, and any information related to secondary considerations of non-obviousness.  DT anticipates that relevant ESI will include documents and materials within HTC's possession that relate to the development and marketing of the Accused Products, as well as materials relevant to DT's claim for damages.

### J.    Alternatives to Model Protocol

The parties have agreed to adhere to a modified version of the provisions in this district's Model ESI Agreement to be entered.

### 6.    Date by Which Discovery Can be Completed

The parties' respective proposed deadlines for the completion of fact and expert discovery are reflected in Exhibit A.

### 7.    Whether Case Should Be Bifurcated

The parties do not propose bifurcation.

### 8.    Whether Pretrial Statements and Pretrial Order Should Be Dispensed With

The parties do not propose dispensing with Pretrial Statements nor the Pretrial Order.

### 9.    Whether the Parties Intend to Utilize Individualized Trial Program or ADR Options

The parties generally agree to pursue private mediation at the appropriate time.

### 10.    Other Suggestions for Shortening or Simplifying the Case

Defendant's Position: HTC America proposes preliminarily limiting the number of asserted claims to 10 and the number of prior art references to 12.  The parties propose further

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–5

1  reducing the number of asserted claims to 5 and the number of prior art references to 6 within 45
2  days of the Court's claim construction order.

3        Plaintiff's Position: DT may agree, but believes that some amount of case development
4  needs to occur before making such a decision.

5  **11.    Date the Case Will Be Ready for Trial**

6  The parties anticipate that the case will be ready for trial by December 2018.

7  **12.    Whether the Trial Will Be Jury or Non-Jury**

8  The parties request a jury trial.

9  **13.    Number of Trial Days Required**

10  The parties request 5 days for trial.

11  **14.    Names, Addresses, and Telephone Numbers of All Trial Counsel**

12  Contact information for the parties' trial counsel can be found in the signature blocks
13  included below.

14  **15.    Scheduling Difficulties for Trial Counsel**

15  At this time, the parties are not aware of any scheduling commitments that the Court need
16  consider in setting a trial date.

17  **16.    Notification of Service**

18  DT submits that HTC America was served with the Complaint in this case on February 1,
19  2017.

20  **17.    Scheduling Conference**

21  Neither party requests a scheduling conference before the Court enters a scheduling order
22  in this case.

23  **18.    Dates of Corporate Disclosure Statements**

24  DT filed its corporate disclosure statement on January 23, 2017.  HTC filed its corporate
25  disclosure statement on April 10, 2017.

26  **19.    Additional Patent-Specific Topics Set Forth in Local Patent Rule 110**

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–6

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### A.      Rule 26(a) Disclosures

The parties do not propose changes to the timing, form, or requirement for disclosures under Rule 26(a).

### B.      Whether Confidentiality Concerns Affect LPR Disclosures

The parties intend to submit a Protective Order which will address any confidentiality concerns that affect the disclosures contemplated in the Local Patent Rules.

### C.      Technology Tutorial

The parties are uncertain at this time whether a tutorial will be useful to the Court.  The parties will advise the Court as to their positions regarding a tutorial in their Joint Claim Construction and Prehearing Statement in accordance with Local Patent Rule 132.

### D.      Discovery Before Local Patent Rule 120 Disclosures

The parties agree not to take discovery prior to DT's Local Patent Rule 120 Disclosures.

### E.      Anticipated Motions for Preliminary Injunction or Dispositive Motions before the Claim Construction Hearing

Neither party anticipates bringing a motion for preliminary injunction.  HTC America currently intends to move for judgment on the pleadings based on patent-ineligibility under 35 U.S.C. § 101 before the Claim Construction Hearing.

### F.      Limitations on Claim Construction Discovery

At this time, the parties do not see the need for any specific limitations on discovery relating to claim construction.

### G.      Neutral Expert on Claim Construction

The parties are uncertain at this time if the Court should appoint an expert to hear and make recommendations on claim construction issues.  The parties will advise the Court as to their positions regarding an expert in their Joint Claim Construction and Prehearing Statement in accordance with Local Patent Rule 132.

### H.      Nature of Claim Construction Hearing

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–7

1       The parties agree that the Claim Construction Hearing should be limited to attorney

2 argument without live witness testimony.

3            **I.**      **Proposed Deadlines**

4       The parties' proposed deadlines for discovery, dispositive motions, mediation, and trial

5 date are reflected in Exhibit A.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  August 24, 2017

By: */s/ Patrick J. McKeever*

By: */s/ Antoine M. McNamara*

Antoine M. McNamara, WSBA No. 41701
AMcNamara@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Matthew C. Bernstein, *Pro Hac Vice*
MBernstein@perkinscoie.com
Patrick J. McKeever, *Pro Hac Vice*
PMcKeever@perkinscoie.com
James Young Hurt, *Pro Hac Vice*
JHurt@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

***Attorneys for Defendant HTC America, Inc.***

1

2   DATED:  August 24, 2017

By: */s/ Thomas C. Wright*
By: */s/ Paul A. Barrera*

3

4   Paul A. Barrera, WSBA No. 51990
    paul@northcitylaw.com

5   NORTH CITY LAW, PC
    17713 Fifteenth Avenue Northeast, Suite 105

6   Shoreline, WA 98155-3839
    Telephone: 206.413.7288

7   Facsimile: 206.367.0120

8   Thomas C. Wright, *Pro Hac Vice*
    twright@cunninghamswaim.com

9   CUNNINGHAM SWAIM, LLP
    7557 Rambler Road, Suite 400

10  Dallas, TX 75231
    Telephone: 214.646.1495

11  Facsimile:  214.613.1163

12

13  ***Attorneys for Plaintiff Display Technologies,***
    ***LLC***

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT
(2:17-cv-01057-RAJ)–10

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

3          The undersigned certifies that on August 24, 2017, a true and correct copy of the above

4   document was served on all counsel of record who are deemed to have consented to electronic

5   service via the Court's CM/ECF system per Local Rules W.D. Wash. LCR 5(b).

6                                          */s/ Paul A. Barrera*_____
                                         Paul A. Barrera

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(2:17-cv-01057-RAJ)– 1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000