THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DISPLAY TECHNOLOGIES, LLC,

            Plaintiff,

   v.

HTC AMERICA, INC.,

            Defendant.

No. 2:17-cv-01057-RAJ

STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

2. **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2.2     "CONFIDENTIAL" Material: information that the Producing Party believes in good faith to be non-public, proprietary and/or trade secret, including, without limitation, information relating to technical practices, technical methods, know-how, product research, product design, product formulas, product testing, product development, product manufacturing, minutes of confidential board meetings, minutes of confidential officer meetings, minutes of confidential employee meetings, pricing, finances, taxes, sales, profits, costs, licensing agreements, licensing negotiations, customers, customer lists, market projections, market forecasts, strategic plans, marketing strategies, competitors, employees, or information otherwise maintained as confidential in the normal course of business. "Confidential Material" does not include information which, at the time of disclosure, (A) was already lawfully in the possession of the Receiving Party and was not acquired from the Producing Party under an obligation of confidentiality to the Producing Party; (B) was acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation of confidentiality to the Producing Party; (C) was developed by the Receiving Party independently of any Confidential Information obtained from the Producing Party; and/or (D) was disclosed to a third party by the Producing Party without an obligation of confidentiality.

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

2.6     <u>Qualified Consultant or Qualified Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party and not a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "confidential information or material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information shall include but is not limited to trade secret, including, without limitation, information relating to technical practices, technical methods, know-how, product research, product design, product formulas, product testing, product development, product manufacturing, minutes of confidential board meetings, minutes of confidential officer meetings, minutes of confidential employee meetings, pricing, finances, taxes, sales, profits, costs, licensing agreements, licensing negotiations, customers, customer lists, market projections, market forecasts, strategic plans, marketing strategies, competitors, employees, or information otherwise maintained as confidential in the normal course of business.

2.8     <u>"CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" Information or items</u>: Litigation Material of a Producing Party or of any Non-Parties that a Producing Party is permitted to produce in this action that constitutes or contains non-public Source Code. Source Code is considered to be a type of Protected Material, and its production and disclosure is governed by the provisions of governing Protected Material generally and any additional protections provided in section 6.

2.9     <u>"SOURCE CODE"</u>: includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Source Code also includes source code files, which are text files containing source code. These include, but are not limited to, files containing source code written in "C," "C++," assembler, VHDL, Verilog, and digital signal

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1   processor ("DSP") programming languages, as well as ".include files," "make" files, link files,

2   and other human-readable text files used in the generation and/or building of software directly

3   executed on a microprocessor, micro-controller, or DSP. Source Code does not include binary

4   executable files and object code files, nor does it include tools such as compilers or linkers.

5       2.10   <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House

6   Counsel does not include Outside Counsel of Record or any other outside counsel.

7       2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

8   entity not named as a Party to this action.

9       2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

10   action but are retained to represent or advise a party to this action and have appeared in this action

11   on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party

12   and their support staff.

13       2.13   <u>Party</u>: any party to this action, including all of its officers, directors, employees,

14   consultants, retained Qualified Experts, and Outside Counsel of Record (and their support staffs).

15       2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

16   Material in this action.

17       2.15   <u>Professional Vendors</u>: persons or entities other than Qualified Experts that provide

18   litigation support services (*e.g*., photocopying, videotaping, translating, preparing exhibits or

19   demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

20   employees and subcontractors.

21       2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

22   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

23   "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

24       2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

25   Producing Party that is designated as Protected Material.

26   ///

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

136845921.4

1  **3.    SCOPE**

2  The protections conferred by this Order cover not only Protected Material (as defined

3  above), but also (1) any information copied or extracted from confidential material; (2) all copies,

4  excerpts, summaries, or compilations of confidential material; and (3) any testimony,

5  conversations, or presentations by Parties or their Counsel that might reveal confidential material;

6  (4) information disclosed in discovery in this action, including, but not limited to, documents,

7  things, Source Code, discovery requests, responses to discovery requests, deposition testimony,

8  deposition transcripts, deposition video, hearing transcripts, expert reports, pleadings, dispositive

9  motions, non-dispositive motions, and all other discovery taken, and filings made, pursuant to the

10  Federal Rules of Civil Procedure and the Local Rules of this Court. This Order is not intended to

11  govern the use of information designated Confidential at the trial of this action.

12  However, the protections conferred by this Order do not cover information that is in the

13  public domain or becomes part of the public domain through trial or otherwise.

14  **4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

15  4.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

16  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

17  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

18  the categories of persons and under the conditions described in this Order. Protected Material must

19  be stored and maintained by a Receiving Party at a location and in a secure manner that ensures

20  that access is limited to the persons authorized under this Order.   Protected Material shall not be

21  used for any research, development, manufacture, patent filing or prosecution, reexamination

22  proceeding before the United States Patent and Trademark Office, financial purpose, commercial

23  purpose, marketing purpose, business purpose, regulatory purpose, any other litigation, or other

24  competitive purpose except as required by law.

25

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–5

136845921.4

4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); which documents need not be served on the opposing Party but shall be retained by Counsel for the Receiving Party;

(c)   Qualified Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary who are former employees of a Party, and who would have been during their employment authorized to view the information or item, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

136845921.4

4.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Qualified Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in section 4.4(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" Information or Items.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a Qualified Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" pursuant

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

to section 4.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Qualified Expert, (2) sets forth the full name of the Qualified Expert and the city and state of his or her primary residence, (3) attaches a copy of the Qualified Expert's current resume, (4) identifies the Qualified Expert's current employer(s), (5) identifies each person or entity from whom the Qualified Expert has received compensation or funding for work in his or her areas of expertise or to whom the Qualified Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Qualified Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective sections may disclose the subject Protected Material to the identified Qualified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Qualified Expert may file a motion as provided in Local Civil Rule 7 seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Qualified Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet

2   and confer discussions) and setting forth the reasons advanced by the Designating Party for its

3   refusal to approve the disclosure.

4        In any such proceeding, the Party opposing disclosure to the Qualified Expert shall bear

5   the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

6   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Qualified

7   Expert.

8        4.5    Filing Confidential Material. Before filing confidential material or discussing or

9   referencing such material in court filings, the filing party shall confer with the Designating Party

10   to determine whether the Designating Party will remove the confidential designation, whether the

11   document can be redacted, or whether a motion to seal or stipulation and proposed order is

12   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

13   that will be applied when a party seeks permission from the court to file material under seal.

14   **5.    DESIGNATING PROTECTED MATERIAL**

15        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

16   or Non-Party that designates information or items for protection under this Order must take care

17   to limit any such designation to specific material that qualifies under the appropriate standards. To

18   the extent it is practical to do so, the Designating Party must designate for protection only those

19   parts of material, documents, items, or oral or written communications that qualify, so that other

20   portions of the material, documents, items, or communications for which protection is not

21   warranted are not swept unjustifiably within the ambit of this Order.

22        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

23   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

24   unnecessarily encumber or delay the case development process or to impose unnecessary expenses

25   and burdens on other parties) expose the Designating Party to sanctions.

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1    The designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES
3  ONLY" by the Producing Party constitutes the representation of that Party that it reasonably and
4  in good faith believes that the designated material constitutes or discloses sensitive financial,
5  patent, trademark, copyright, trade secret, marketing, customer, research, manufacture, regulatory,
6  commercial, business, product development information, or any other confidential technical or
7  non-technical information or know-how within the meaning of Federal Rule of Civil Procedure
8  26(c)(7).

9    If it comes to a Designating Party's attention that information or items that it designated
10  for protection do not qualify for protection at all or do not qualify for the level of protection initially
11  asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the
12  mistaken designation.

13    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
14  (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
15  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
16  designated before or when the material is disclosed or produced.

17    (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and
18  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
19  the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
20  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES
21  ONLY" to each page that contains Protected Material. If only a portion or portions of the material
22  on a page qualifies for protection, the Producing Party also must clearly identify the protected
23  portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each
24  portion, the level of protection being asserted.

25    A Party or Non-Party that makes original documents or materials available for
26  inspection need not designate them for protection until after the inspecting Party has indicated

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or, for source code related materials, "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-party may, within 21 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–11

136845921.4

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety, and source code material or testimony as "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

If a Party or Non-Party desires to protect Protected Material at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–12

136845921.4

1   designation, the Receiving Party must make reasonable efforts to ensure that the material is treated

2   in accordance with the provisions of this Order.

3   **6.     DESIGNATION OF SOURCE CODE**

4          6.1     A Producing Party may designate documents, information, or things as

5   "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" information.

6                  (a)     Materials designated as "CONFIDENTIAL SOURCE CODE –

7   ATTORNEYS' EYES ONLY" information shall only be reviewable by SOURCE CODE

8   QUALIFIED PERSONS. SOURCE CODE QUALIFIED PERSONS include the following: (1)

9   Outside Counsel of Record as necessarily incident to the litigation of this action; (2) personnel at

10  document duplication, coding imaging or scanning service establishments retained by, but not

11  regularly employed by, Outside Counsel of Record, but only as necessarily incident to depositions

12  and trial in the litigation of this suit; (3) the Court and Court personnel and contract personnel who

13  are acting in the capacity of Court employees; (4) court reporters, stenographers and videographers

14  transcribing or recording testimony at depositions, hearings or trial in this suit; and (5) Qualified

15  Consultants and/or Qualified Experts in this suit under section 4.4 of this Order. However,

16  Qualified Consultants and/or Qualified Experts may only review CONFIDENTIAL SOURCE

17  CODE – ATTORNEYS' EYES ONLY information after being expressly identified to the

18  Producing Party as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES

19  ONLY information. If the Receiving Party wishes an already identified Qualified Consultant or

20  Qualified Expert to receive CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY

21  information it must re-comply with the provisions of section 4.4 of this Order in this action,

22  including allowing the Producing Party an opportunity to object to this Qualified Consultant or

23  Qualified Expert receiving CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY

24  information, and identify the proposed Qualified Consultant or Qualified Expert as seeking access

25  to CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information. If a

26  Producing Party objects to a Qualified Consultant or Qualified Expert receiving CONFIDENTIAL

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

SOURCE CODE – ATTORNEYS' EYES ONLY information, while the objection is pending pursuant to this Order, Producing Party shall have no obligation to provide CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information to the Qualified Consultant or Qualified Expert until the objection is removed. All SOURCE CODE QUALIFIED PERSONS designated under sections 6.1(a)(1), 6.1(a)(2), and 6.1(a)(5) shall agree to be bound by the terms of the Order, and specifically those provisions governing SOURCE CODE QUALIFIED PERSONS before reviewing Source Code or relevant files. A Receiving Party may designate no more than five (5) persons as SOURCE CODE QUALIFIED PERSONS under section 6.1(a)(5) to review a particular Producing Party's Source Code.

(b)     Source Code shall be provided with the following additional protections:

1)     Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

2)     Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

3)     Access to each Producing Party's Source Code shall be provided on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet and may not be connected to any printer (unless as otherwise permitted in this Section (b) or storage device other than the internal hard disk drive of the computer). Each stand-alone computer shall be kept in a secure location at the offices of the Producing Party's Outside Counsel of Record.  Each stand-alone computer may be kept at such other location as the Producing Party and Receiving Party mutually agree. Each stand-alone secure computer may be password protected and shall have the Source Code stored on a hard-drive contained inside the computer. The Producing Party, at its sole discretion, may choose to waive any or all of the default requirements in this section 6 for its own convenience.

6.2     The Producing Party shall produce Source Code in computer searchable format on the stand-alone computer. Each stand-alone computer shall, at the Receiving Party's request,

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–14

136845921.4

1   include reasonable analysis tools appropriate for the type of Source Code. The Receiving Party

2   shall provide the tools that it wishes to use to the Producing Party so that the Producing Party may

3   install such tools on the stand-alone computers. The Receiving Party's Outside Counsel of Record

4   and/or Qualified Experts may request that commercially available software tools for viewing and

5   searching Confidential Source Code be installed on the secured computer, provided, however, that

6   such other software tools are reasonably necessary for the Receiving Party to perform its review

7   of the Confidential Source Code consistent with all of the protections herein. The Receiving Party

8   must provide the Producing Party with the licensed software tool(s) at least five (5) days in advance

9   of the date upon which the Receiving Party wishes to have the additional software tools available

10  for use on the Confidential Source Code Computer. The Receiving Party shall not at any time use

11  any compilers, interpreters, or simulators in connection with the Producing Party's Confidential

12  Source Code.

13      6.3     Source Code will be made available for inspection between the hours of 9 a.m. and

14  5 p.m. local time on business days. The Parties agree to cooperate in good faith such that

15  maintaining the Source Code at the offices of the Producing Party's Outside Counsel of Record or

16  other designated location shall not unreasonably hinder the Receiving Party's ability to efficiently

17  conduct the prosecution or defense in this action. The Parties reserve their rights to request access

18  to the Source Code at the site of any hearing or trial. The Producing Party may require proper

19  identification of all SOURCE CODE QUALIFIED PERSONS before any access to a stand-alone

20  secure computer, and each and every time a person accesses a stand-alone secure computer, the

21  Producing Party may require each SOURCE CODE QUALIFIED PERSON to complete a Source

22  Code review log identifying: (1) the person's name; (2) the date and time access began; (3) the

23  date and time access ended.

24      6.4     All SOURCE CODE QUALIFIED PERSONS who will review Source Code on

25  behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7)

26  business days in advance of the first time that such person reviews such Source Code. Such

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

identification shall be in addition to any disclosure required under section 6.1(a) of this Order. The Producing Party shall provide these individuals with information explaining how to operate the stand-alone computers in order to access the produced Source Code on the stand-alone secure computers. For each initial review by a SOURCE CODE QUALIFIED PERSON, the Receiving Party shall give at least 36 hours' notice to the Producing Party of such SOURCE CODE QUALIFIED PERSON'S review. For any subsequent reviews by such SOURCE CODE QUALIFIED PERSONS, the Receiving Party shall give at least 24 hours' notice to the Producing Party of such review. Notice must be given during regular business hours, and the hours that the source code will be made available shall not be altered based upon the timing of the notice.

6.5    No person other than the Producing Party may alter, dismantle, disassemble or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computers. In order to verify that its Confidential Source Code has not later been altered, the Producing Party may benchmark the materials to confirm that the materials have not been altered before and after they are provided but shall not install any keystroke or other monitoring software on the Confidential Source Code Computer. During the period of source code review, the stand-alone computer shall be in a secured room accessed by only the Producing Party or SOURCE CODE QUALIFIED PERSONS and such SOURCE CODE QUALIFIED PERSONS must take reasonable steps to ensure that the screen of the stand-alone computer is in position such that it is not viewable through any of the room's windows or doors.

6.6    No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone computers, except for: (1) print outs of reasonable portions of the Source Code in accordance with the provisions of sections 6.9 and 6.10 of this Order; and (2) such other uses to which the Parties may agree or that the Court may order. Printing portions of Source Code that exceed thirty-five (35) continuous pages or ten percent or more of the entire Source Code software release (the final executable code compiled upon an imported device) shall be presumed to be

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

excessive and cannot be done for a permitted purpose absent an order from the Court. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the stand-alone computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings, depositions, proceedings, expert reports, and related drafts and correspondence. No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, cell phones, portable printers, or devices with camera functionalities shall be permitted in the same room as the stand-alone computers. The Producing Party may exercise personal supervision from outside the review room over the Receiving Party when the Receiving Party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by any Producing Party.

6.7     Any handwritten notes or other work product, created by the Receiving Party, reflecting CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information shall be marked as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information and shall also be treated as "Source Code" pursuant to this section.

6.8     Nothing may be removed from the stand-alone computers, either by the Receiving Party or at the request of the Receiving Party, except for (1) print outs of reasonable portions of the Source Code in accordance with the provisions of sections 6.9 and 6.10 of this Order; and (2) such other uses to which the Parties may agree or that the Court may order.

6.9     All original printed pages of Source Code shall be retained by the Producing Party. At the request of the Receiving Party, the Producing Party shall within three (3) business days provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product. During the review of Source Code, if a Receiving Party believes in good faith that contemporaneous access to print-outs of particular pages of the Source Code is necessary to further the Source Code review, the Receiving Party may request and the Producing Party shall promptly provide one (1) hard copy print out of such pages. All printed copies of such Source Code shall be returned to the Producing Party after such contemporaneous access by the Receiving Party. The Receiving Party shall limit its requests for contemporaneous access to print outs to those pages actually necessary to conduct the Source Code review. If the Producing Party objects to the production of the requested Source Code because the request is excessive, it shall state its objection within the allotted three (3) business days pursuant to this paragraph. For purposes of this paragraph, printed portions of Source Code that exceed thirty-five (35) continuous pages or ten percent or more of the entire Source Code software release (the final executable code compiled upon an imported device) shall be presumed to be excessive and cannot be done for a permitted purpose absent an order from the Court. In the event of a dispute, the Parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the Parties will raise it with the Court.

6.10    Hard copy print outs of Source Code shall be provided on bates numbered, watermarked, and colored paper clearly labeled CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information on each page and shall be maintained by the Receiving Party's Outside Counsel of Record or SOURCE CODE QUALIFIED PERSONS in a secured locked area. The Receiving Party may not mail printed copies of Source Code or otherwise place printed copies of Source Code in the custody of individuals other than SOURCE CODE QUALIFIED PERSONS. The Receiving Party may also temporarily keep the print outs at: (a) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

transport the print outs (e.g., a hotel prior to a Court proceeding or deposition). The Receiving Party shall exercise due care in maintaining the security of the print outs at these temporary locations. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

(a)    For depositions, upon election by the Receiving Party, it may make three additional copies of the printed source code for use at depositions (fact/expert), and only such printed copies may be used at the depositions and any hearing or trial in this suit. Further, to the extent that the Receiving Party, pursuant to section 6.9 requests hard copy print outs of Source Code within five (5) days prior to the deposition, the Receiving Party shall have the opportunity to request copies of such Source Code to be provided at the deposition by the Producing Party. All copies are to be printed on color paper. To the extent that any Source Code is printed out for use at a deposition, and such Source Code is marked as an exhibit, the marked original exhibit shall be maintained by the Producing Party until trial. All other copies used at a deposition shall be destroyed or returned to the Producing Party. This provision does not prevent the attorney taking the deposition from bringing personally to the deposition a Qualified Expert/Consultant hard copy provided under section 6.10(d) that contains work product notes for the taking of the deposition, with such attorney retaining such copy at the end of the deposition.

(b)    The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Court filing, the amount of consecutive lines of Source Code quoted shall not exceed 30 lines per quote. For purposes of this paragraph, comments shall not be considered to be Source Code. In addition, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY; or (2) those pages containing quoted Source Code will be

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–19

136845921.4

1  separately stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES

2  ONLY.

3          (c)      With respect to briefs that contain Source Code quotes, each party shall

4  redact from the service copy of their brief all exhibits containing the cited Source Code.

5          (d)      The Receiving Party is permitted to make one additional hard copy for each

6  of its Qualified Experts and/or Qualified Consultants who are SOURCE CODE QUALIFIED

7  PERSONS, but not to exceed a total of five (5) copies. All copies are to be printed on color paper

8  and maintained by such Qualified Expert or Qualified Consultant in a secured, locked area as

9  provided by the terms of this Order.

10          (e)      Electronic copies of Source Code may only be made to be included in

11  documents which, pursuant to the Court's rules, procedures and order(s), cannot be filed or served

12  in hard copy form and must be filed or served electronically. Only the necessary amount of

13  electronic copies to effectuate such filing or service may be stored on any Receiving Party's server,

14  hard drive, or other electronic storage device at any given time. After any such electronic filing or

15  service, the Receiving Party shall delete all electronic copies from all Receiving Party electronic

16  storage devices.

17          (f)      The Producing Party shall, on request, make a searchable electronic copy of

18  the Source Code available on a stand-alone computer during depositions of expert and 30(b)(6)

19  witnesses who would otherwise be permitted access to such Source Code, and such depositions

20  shall take place at a location to be determined by the Producing Party. The Receiving Party shall

21  make such request in the notice for deposition or in each topic in a 30(b)(6) deposition where

22  applicable. The Producing Party shall be required to make only one stand-alone computer available

23  under this provision. Accordingly, the Producing Party shall not schedule concurrent depositions

24  requiring the stand-alone computer. In addition, the Receiving Party bears the cost of all licenses

25  for the search tools on such stand-alone computer, if any, which the Producing Party shall promptly

26  load on the stand alone computer upon receipt from the Receiving Party.

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–20

136845921.4

1        (g)     Nothing in this Order shall be construed to limit how a Producing Party may

2 maintain material designated as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES

3 ONLY information.

4        (h)     Outside Counsel of Record for the Receiving Party with custody of

5 CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information shall maintain a

6 Source Code log containing the following information: (1) the identity of each person granted

7 access to the CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY information;

8 (2) the first date on which such access was granted; (3) the number of copies of code or technical

9 files or software comments made by the Receiving Party; (4) for each given review day, the date

10 and time access began, and (5) for each given review day, the date and time access ended. Outside

11 Counsel of Record for the Receiving Party will produce, upon request, each such Source Code log

12 to the Producing Party within twenty (20) days of the final disposition of the suit by the Court or

13 a Court of appellate jurisdiction.

14        (i)     Upon printing any such portion of Source Code, the Receiving Party shall

15 log the location of the electronic file(s) that was/were printed such that the electronic file(s) may

16 be readily located on the stand-alone computer. Such logging may include, but is not limited to,

17 complete filenames, directory paths, version numbers, and revision numbers. The Receiving Party

18 shall provide this log to the Producing Party at the end of each review session. The Receiving

19 Party's failure to adequately log the location of the file(s) it prints shall be at least one non-

20 exclusive ground on which the Producing Party may object and properly refuse to produce the

21 printed pages.

22        (j)     Access to and review of the Source Code shall be strictly for the purpose of

23 investigating the claims and defenses at issue in this action. No person shall review or analyze any

24 Source Code for purposes unrelated to this action, nor may any person use any knowledge gained

25 as a result of reviewing Source Code in this action in any other pending or future dispute,

26 proceeding, patent prosecution, patent reexamination, or litigation.

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1          (k)     Upon the final disposition of this suit by the Court or a Court of appellate

2    jurisdiction, each recipient will immediately destroy all printed pages of the Source Code and any

3    notes or other work product reflecting Source Code and certify destruction thereof to the Producing

4    Party promptly.

5          (l)     Only persons who have complied with section 4 of the Order, subject to the

6    procedures of section 6 of the Order, may have access to the Producing Party's Source Code. No

7    employee or agent of the Receiving Party will be approved to view the Producing Party's Source

8    Code (whether in electronic form or otherwise).

9        6.11   No prejudice. The private Parties agree that entering into this Order is without

10   prejudice to any Party's rights to propose, request or otherwise move for different provisions

11   relating to Source Code production in the suit or any other investigation, action or proceeding.

12   Nothing herein shall be deemed a waiver of a Party's right to object to the production of Source

13   Code. Absent a subsequent and specific court or agency order, nothing herein shall obligate a Party

14   to breach any Non-Party license agreement relating to such Source Code. The Parties further

15   acknowledge that some or all of the Source Code may be owned by Non-Parties and outside a

16   Party's possession, custody or control. Nothing herein shall be deemed a waiver of any Non-

17   Party's right to object to the production of Source Code or object to the manner of any such

18   production.

19   **7.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

20       7.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

21   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

22   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

23   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

24   challenge a confidentiality designation by electing not to mount a challenge promptly after the

25   original designation is disclosed.

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–22

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

7.2     <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding Protected Materials without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.4     <u>Changing the Designation of Information Produced by a Party</u>. Any Producing Party may change a designation to Protected Material (or withdraw a designation) regarding any material that it has produced, provided, however, that such change in designation shall be effective only as of the date of such change. Such change in designation (or withdrawal) shall be accomplished by notifying Outside Counsel of Record for each Party in writing of such change in designation (or withdrawal). Upon receipt of any such written change in designation, Outside Counsel of Record shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated material from any persons known to have possession of any such originally designated material who are not Qualified Persons under section 4 above in

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

light of the change of designation to the extent practicable. Properly marked documents shall be promptly provided by the Producing Party of any such newly designated material. Under no circumstances shall a Party change or remove the designation of Protected Material, or object to such change or removal, to vex or harass another Party.

**8.     PROSECUTION BAR**

Notwithstanding the provisions of section 4 of this Order, absent the written consent of the Producing Party, any person who reviews HTC America's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY ("BAR MATERIAL") shall not be involved in the prosecution of: (i) the patents asserted in this action; (ii) any continuations, continuations in part, reissues, or divisionals that derive in whole or in part from the patents asserted in this action; (iv) any patent in the subject matter of the patents-in-suit and assigned to a Party or an entity owned or controlled by a Party; or (v) any patents in the subject matter of the patents-in-suit assigned to Display Technologies LLC or any entity with any degree of common ownership, any degree of common control, or any degree of common employees as Display Technologies LLC at any point in time. Absent the written consent of the Producing Party, any person who reviews the BAR MATERIAL shall not use the BAR MATERIAL when prosecuting patents or patent applications relating to the subject matter of the patents-in-suit, before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes, without limitation: (i) the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims; (ii) participating in or advising on any reexamination or reissue proceeding on behalf of an owner of the patent that is the subject of the reexamination or reissue proceeding; and (iii) advising any client concerning strategies for obtaining or preserving patent rights in the subject matter of

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

the patents-in-suit before the United States Patent and Trademark Office or other similar foreign government or agency. Notwithstanding the preceding, for purposes of this paragraph, "prosecution" does not include (i) any acts taken to discharge the duty of candor and good faith in any proceeding related to the asserted patents or the technical subject matter of the asserted patents; (ii) participating in or advising on any reexamination or reissue proceeding by Display Technology LLC's lawyers, experts, or agents with respect to any patents in which HTC America has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by any of HTC America's lawyers, experts, or agents with respect to any patents in which HTC America has any interest; or (iii) participating in or advising on any reexamination, inter-partes review or reissue proceeding by any of HTC America's lawyers, experts, or agents with respect to any patents in which Display Technologies LLC has any interest. Display Technologies LLC's Counsel may advise Display Technologies LLC, in the context of this suit, regarding prior art and invalidity arguments raised in this suit, and such advising does not constitute participating in or advising on any reexamination or reissue proceeding.  Display Technologies LLC's Counsel may not advise Display Technologies LLC in any claim amendments brought in response to any inter-partes review. This prohibition on patent prosecution does not apply to any BAR MATERIAL that is disclosed in the trial of this case, and also does not apply to any of HTC America's BAR MATERIAL that HTC America discloses to the inventor during the inventor's deposition. This prohibition on patent prosecution shall begin upon review or receipt of HTC America's BAR MATERIAL and shall end one (1) year after the final resolution of this suit (including all appeals). This prosecution bar (i) is personal to the person reviewing or receiving HTC America's BAR MATERIAL in this suit and shall not be imputed to any other person or entity and (ii) shall not be

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–25

136845921.4

triggered by an attorney's reviewing or otherwise learning the substance of his or her client's Protected Information.

## 9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential Protected Material may be affected and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**10.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Materials in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Materials, then the Party shall:

     (a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

     (b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

     (c)    make the information requested available for inspection by the Non-Party.

10.3    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. The Non-Party's Protected Material shall be designated as "CONFIDENTIAL" Material unless the Non-Party requires a different designation. The designation of Disclosure and Discovery Material by the Non-Party can be challenged in accordance with the provisions of section 7 herein. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties   agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

///
///
///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–28

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1    **13.    MISCELLANEOUS PROVISIONS**

2        13.1    This Order shall be binding upon the Parties to this Proceeding and signatories to

3    the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including their successor(s) and

4    assigns, and their respective attorneys, agents, representatives, officers and employees.

5        13.2    This Order shall apply to all information and material produced in this Proceeding,

6    including all previously produced information and material prior to the execution of this Order by

7    the Court.

8        13.3    The Parties acknowledge and agree that if any party hereto breaches, or threatens

9    to commit a breach of any of the provisions of this Order, each non-breaching party shall have the

10   right to ask the Court for the remedy, which remedy shall be in addition to and not in lieu of, any

11   other remedies available to the non-breaching party under law or in equity, to have the Order

12   specifically enforced (without posting any bond), including, without limitation, the right to an

13   entry against the breaching party of restraining orders and injunctions (preliminary and permanent)

14   against breaches, threatened or actual, it being agreed and acknowledged that, in the event of any

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–29

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1  such breach or threatened breach, the breaching party is not entitled to a presumption that money

2  damages or legal remedies are sufficient or adequate to remedy such a breach.

3       13.4   By written agreement of the Parties, or upon motion and order of the Court, the

4  terms of this Order may be amended or modified.

5       13.5   This Order shall continue in force until amended or superseded by express order of

6  the Court. This Order shall survive termination of this Proceeding, including any final judgment,

7       13.6

8       13.7    appeal, or settlement to the extent the Protected Material is not or does not become

9  known to the public.

10      13.8   Nothing in this Order shall prejudice the right of any party or third party to oppose

11  production of any information for lack of relevance, privilege, or any ground other than

12  confidentiality.

13      13.9   In the event that a new party is added, substituted, or otherwise brought in to this

14  Proceeding, this Order will be binding on and inure to the benefit of the new party, subject to the

15  right of the new party to seek relief from or modification of this Order.

16      13.10  The entry of this Order does not prevent any Party from seeking a further order of

17  this Court pursuant to Federal Rule of Civil Procedure 26(c).

18  **14.   FINAL DISPOSITION**

19      Upon the conclusion of this Proceeding, at the written request and option of the Producing

20  Party, all other Protected Materials and any and all copies and transcriptions thereof, shall be

21  destroyed or returned within ninety (90) calendar days to the Producing Party, provided, however,

22  that Outside Counsel of Record may retain all documents and things that contain or reflect their

23  attorney work product (e.g., notes, memoranda, drafts of pleadings, deposition summaries,

24  document review summaries, documents reviewed in preparation for depositions, hearings, or trial

25  whether introduced or not), all correspondence, all pleadings, all deposition transcripts, all expert

26  reports, all hearing and trial exhibits, and all court-filed documents even though they contain

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–30

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1   Protected Material, but such retained work product and documents shall remain subject to the terms

2   of this Order. Accordingly, upon final termination of this action, no one other than Outside Counsel

3   of Record shall retain any information designated Protected Material obtained in the course of this

4   Proceeding. At the written request of the Producing Party, any person or entity having received

5   recordings, notes, memoranda, summaries or other written materials, and all copies thereof,

6   relating to or containing its Protected Material shall deliver to the Producing Party a declaration

7   confirming that reasonable efforts have been made to assure that all such Protected Material and

8   any copies thereof, any and all records, notes, memoranda, summaries or other written material

9   regarding the Protected Material (except for attorney work product and documents permitted to be

10   retained by Outside Counsel of Record as stated above), have been destroyed or delivered in

11   accordance with the terms of this Order.

12          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–31

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4

1   DATED:  September 18, 2017                    By:  */s/ Antoine M. McNamara*

2                                                      Antoine M. McNamara, WSBA No. 41701
                                                       AMcNamara@perkinscoie.com
3                                                      PERKINS COIE LLP
                                                       1201 Third Avenue, Suite 4900
4                                                      Seattle, WA 98101-3099
                                                       Telephone: 206.359.8000
5                                                      Facsimile: 206.359.9000

6

7                                                      Matthew C. Bernstein, *Pro Hac Vice*
                                                       MBernstein@perkinscoie.com
8                                                      Patrick J. McKeever, *Pro Hac Vice*
                                                       PMcKeever@perkinscoie.com
9                                                      James Young Hurt, *Pro Hac Vice*
                                                       JHurt@perkinscoie.com
10                                                     PERKINS COIE LLP
                                                       11988 El Camino Real, Suite 350
11                                                     San Diego, CA 92130-2594
                                                       Telephone: 858.720.5700
12                                                     Facsimile: 858.720.5799

13

14                                                     ***Attorneys for Defendant HTC America, Inc.***

                                                 By:  */s/ Paul A. Barrera*
15                                               By:  */s/ Thomas C. Wright*

16                                                     Paul A. Barrera, WSBA No. 51990
                                                       paul@northcitylaw.com
17                                                     NORTH CITY LAW, PC
                                                       17713 Fifteenth Avenue Northeast, Suite 105
18                                                     Shoreline, WA 98155-3839
                                                       Telephone: 206.413.7288
19                                                     Facsimile: 206.367.0120

20
                                                       Thomas C. Wright, *Pro Hac Vice*
21                                                     twright@cunninghamswaim.com
                                                       CUNNINGHAM SWAIM, LLP
22                                                     7557 Rambler Road, Suite 400
                                                       Dallas, TX 75231
23                                                     Telephone: 214.646.1495
                                                       Facsimile: 214.613.1163
24

25                                                     ***Attorneys for Plaintiff Display Technologies,***
                                                       ***LLC***
26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–32

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

4    in any other court, constitute a waiver by the Producing Party of any privilege applicable to those

5    documents, including the attorney-client privilege, attorney work-product protection, or any other

6    privilege or protection recognized by law.

7

8    DATED:   September 25, 2017

9

10

11   _____

12   The Honorable Richard A. Jones
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–33

136845921.4

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print  or  type  full  name],  of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on _____

7

in the case of *Display Technologies, LLC v. HTC America, Inc.*, Case No. C17-01057-RAJ (W.D.

8

Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

9

and I understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11

any information or item that is subject to this Stipulated Protective Order to any person or entity

12

except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

Date: _____

17

City and State where sworn and signed: _____

18

Printed name: _____

19

Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:17-cv-01057-RAJ)–34

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

136845921.4